# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CARRIE WINSOR,

    Plaintiff,

v.                                                                 CV 08-0475 WJ/WPL

DOÑA ANA COUNTY SHERIFF'S OFFICE,
TODD GARRISON, Personally, TODD GARRISON,
in his capacity as Doña Ana County Sheriff,
ROBIN GOJKOVICH, a/k/a/ ROBYN GOJKOVICH,
Personally, ROBIN GOJKOVICH, a/k/a/ ROBYN
GOJKOVICH in her capacity as a Doña Ana County
Deputy, BEN MARTIN, Personally, BEN MARTIN,
in his capacity of Investigator for the Doña Ana County
Sheriff's Office, UNIDENTIFIED CHILD at the scene,
ALL UNIDENTIFIED DOÑA ANA COUNTY
SHERRIF'S DEPUTIES at the scene, ALL UNIDENTIFIED
ANIMAL CONTROL OFFICERS at the scene,
DOÑA ANA COUNTY, and the BOARD OF COUNTY
COMMISSIONERS FOR THE COUNTY OF DOÑA ANA,
MARTY LOU WARD, MANUAL HERNANDEZ and
JEAN WOLFGANG,

    Defendants.

## ORDER GRANTING INJUNCTIVE RELIEF

THIS MATTER comes before the Court on Plaintiff Carrie Winsor's Motion for Injunctive Relief, filed April 14, 2008, Doc. 2, Ex. 9, seeking return of dogs, horses, and equipment seized on March 14, 2008 from her property in Las Cruces, New Mexico. The Defendants have not responded and, therefore, under the rules of this Court, they are deemed to have consented to the granting of the motion. *See* D.N.M. LR-7.1(b).

The following facts are undisputed and reflected in the record, thus the Court finds it unnecessary to hold a hearing. Officers from the Dona Ana County Sheriff's office and from the County's Animal Control office seized 22 purebred show dogs, a horse trailer, tack, and four horses

from the Plaintiff's property on March 14, 2008. *See* Doc. 21 Ex. G (inventory return). The officers seized the animals pursuant to a search warrant allowing seizure of "persons and property" based on allegations of suspected animal cruelty to dogs housed in a trailer and due to the fact that dog runs that had dog houses or other enclosures did not also have shade tarps over the runs. *See id.* Ex. D; *id.* Ex. E (stating that anonymous informant reported on February 19, 2008 seeing 25 dogs in a trailer and that some "had sores on their legs.") *Id.* Ex. F. (noting that all of the runs with dogs "had water, but no food, their dogs houses were made out of a large water barrel, and the dogs had no shade."). Critically, the statement of facts in support of the search warrant does not allege that the "undercover" criminal investigator saw any signs of animal abuse or neglect in any of the 15 dogs that he viewed in the outside runs; *i.e.*, there was no evidence that the dogs were undernourished, listless, panting, dehydrated, hot, or otherwise exhibiting any signs of discomfort, pain, or neglect. When the officers executed the search warrant on March 14, 2008, there were seven dogs in the trailer, not 25 as the anonymous caller stated. Because the search warrant issued was for searching the trailer for abused or neglected or sick animals, there were no allegations regarding the condition of any of the dogs in the trailer. According to the statement of facts in the search warrant, two of the horses had "very long hooves," one horse had hooves that were "extremely long and curved up into a u-shape" and a wire around one of its legs and was limping, and the fourth horse had extremely long and curved-up hooves, but apparently was not limping. *Id.* Ex. F at 1.

Also critical to the motion for injunctive relief is the veterinarian's report made after the dogs and horses were confiscated. The veterinarian examined each seized animal and reported that, except for one abrasion on one of the female pointers, a older male pointer with "moderate" arthritis in his rear leg, two miniature dachshunds with "moderate periodontal disease," a "geriatric" miniature pinscher with "notable periodontal disease," and a previously whelped weimaraner with

some loose stool, the dogs all were "well fed and in overall good condition." Doc. 23, Ex. 1 at 1-2. None of the animals were sick or had sores on their bodies.

The Defendants have not rebutted Plaintiff's statement in her motion for injunctive relief that all of her animals were healthy at the time they were seized and that they have also refused to return to her the horse trailer, and tack and equipment. *See* Doc. 2, Ex. 8 at 2. In the answer to Plaintiff's Complaint, the Defendants admit that "the horse trailer and tack have not been returned to Plaintiff . . . [for ] the reason [] that this is the subject matter of another litigation case which is still pending." Doc. 2, Ex. 15 at 3. The County refused to return Plaintiff's dogs to her, but did not file any criminal charges for animal cruelty or for permission to keep the animals and property within the next month. Six days after Plaintiff filed her suit for damages and this motion for injunctive relief, and 33 days after seizing the animals, however, the County filed criminal charges against her for animal cruelty.

Although the County would not allow Plaintiff to have any contact with her dogs, Plaintiff had her veterinarian check the dogs, who apparently reported to Defendant Gojkovich within a month of the seizure that the show dogs were losing muscle mass from not being fed enough and being in small pens, but the County still refused to release the animals. *See* Doc. 2, Ex. 8 at 2 (Motion for Injunctive relief). In Plaintiff's second request for an expedited setting for a hearing on her motion for injunctive relief filed on May 15, 2008, Plaintiff asserted that the dogs were "losing value each day," that some of the horses had previously been sold and she needed to get the wild horses to the buyer who had offered to buy them and could properly care for them, and that the County still had her trailer and tack and was using them to control and transport other animals. Doc. 2, Ex. 16 at 1-2. The Defendants also failed to respond to this motion.

Plaintiff has submitted evidence that Defendant Mary Lou Ward, a county animal control

3

officer, reported on July 14, 2008 that the County was not properly caring for Plaintiff's dogs; that all of them were now underweight, some looked emaciated and dehydrated; some had been put in pens where they were allowed to mate and had been in fights and had puncture wounds, that some needed veterinarian care, and that many of the dogs had lost hair and had developed sores. *See* Doc. 23, Ex. 2 at 1-3.

According to Plaintiff, on August 28, 2008, the County returned fifteen of her dogs to her, in bad physical condition, with eight of the adult dogs "near starvation" and two of the dogs barely able to stand. *See* Doc. 19 at 4. Plaintiff has submitted pictures showing that the dogs were very thin when they were returned. *See id.*, Exs. 2-11. As of October 30, 2008 Plaintiff still was not allowed to see the seven other dogs and one puppy that remained in the County's control and custody, and Plaintiff states that the County has not allowed her veterinarian to see them. *See id.* at 9.

Plaintiff has met her burden to show that injunctive relief is appropriate. She has shown that healthy animals demonstrating no signs of abuse or neglect were seized under a warrant that provided only for seizure related to animal cruelty, and therefore, that she has a "substantial likelihood of prevailing on the merits." She has shown that she will suffer "irreparable injury if the injunction is denied;" and greater injury to her absent the injunctive relief than that which the Defendants will suffer if it is granted (which is none). Finally, she has satisfied the final requirement in order to obtain the injunctive relief – a "lack of adverseness to the public interest." *Utah Licensed Bev. Ass'n v. Leavitt*, 256 F.3d 1061, 1065-66 (10th Cir. 2001).

The Court has not been informed whether the animals and equipment have now been returned to Plaintiff, but if they have not been returned, the Court can see no reason why they should not be returned. The search warrant did **not** provide for the seizure of healthy animals, and the

veterinarian's report that indisputedly showed **all** the animals to be in generally good condition at the time they were seized prior to their confinement in County custody. Moreover, the evidence shows that the animals' care has degenerated in the County's custody, which now been more than a year since the animals were seized by the County. In other words, based on the record before this Court, the only individuals who appear to be guilty of the offense of animal cruelty are the Defendants who have custody and control of Plaintiff's dogs.

**NOW, THEREFORE, IT IS ORDERED** that the Motion for Injunctive Relief is granted in part such that the County Defendants shall release all of the animals seized on March 14, 2008 to Plaintiff Carrie Winsor and the County Defendants also shall return the horse trailer, tack, and all equipment and other paraphernalia seized from the Winsor property to Plaintiff AS SOON AS POSSIBLE.

**IT IS FURTHER ORDERED** that in view of the fact that the only contact information for Plaintiff is a mailing address listed on her complaint, Defendants shall maintain proper custody and care of Plaintiff's animals until Plaintiff receives notice of this Order and can make arrangements to pick up her animals.

DEFENDANTS ARE HEREBY PUT ON NOTICE THAT FAILURE TO PROMPTLY TURN OVER TO PLAINTIFF HER ANIMALS, AT HER SPECIFIC REQUEST FOR TIME OF RETURN, COULD RESULT IN CONTEMPT OF COURT SANCTIONS.

Issued this 15th day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE