IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARRIE WINSOR,

      Plaintiff,

v.                                                  CV 08-0475 WPL/CEG

DOÑA ANA COUNTY SHERIFF'S OFFICE, et al.,

      Defendants.

**ORDER**

Before me now is Defendants' motion, which requests that the Court strike the witnesses listed in Plaintiff's Supplemental Answers to County Defendants' First Set of Requests for Production to Plaintiff and the witnesses listed in Plaintiff's Rule 26 Final Disclosure. Defendants argue that these additional witnesses were disclosed for the first time on May 10, 2010, and thus, Plaintiff's disclosure was untimely.

**BACKGROUND**

This case arises out of the seizure of Plaintiff's show dogs and horses, as well as equipment, by the Doña Ana County Sheriff's Office and others, on or about March 14, 2008. Pursuant to the Court's Scheduling Order filed on September 30, 2009, the termination date for discovery was March 29, 2010. (Doc. 45.) On March 31, 2010, Defendants filed a Joint Motion to Extend Deadlines requesting that discovery be extended until May 10, 2010. (Doc. 79.) As grounds for the extension, Plaintiff stated that she had "one additional deposition to take." *Id.* The motion was granted. (Doc. 80.) On the termination date for discovery, Plaintiff identified additional witnesses in her Supplemental Answers to County Defendants First Set of Requests for Production and her Rule 26 Final Disclosure. The named witnesses are: (1) "Vet Tech" of Dr. Owen, (2) Dr. Elizabeth

Carver, (3) Dr. Jean Wolfgang, (4) "the unknown vet that City called from Ruidoso," (5) Ryan Gibson, (6) Dr. Elizabeth Vasco-Mach, (7) Felicity Russell, (8) Inspector Don Hatfield, (9) Terry Chandler, (10) Kristina Chandler, (11) Janet Chandler, and (12) "any individual who witnessed the animals during the time they were being seized or while in custody of the county, or after they were returned to Plaintiff." (Doc. 86.)  Subsequently, Defendants filed the instant motion requesting that the Court strike Plaintiff's additional witnesses.

## ANALYSIS

Federal Rule of Civil Procedure 26(a)(i) requires a party to provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information."  A party who has made a Rule 26(a) disclosure or responded to a request, must supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  FED. R. CIV. P. 26(e)(1)(A).  Rule 37(c)(1) further provides that if a party fails to comply with Rule 26(a) or (e), the party is not allowed to use the additional information or witness to supply evidence at trial, "unless the failure was substantially justified or is harmless."

> The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.  A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose.  Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted).

As an initial matter, it should be noted that Jean Wolfgang is listed on both Plaintiff's and Defendants' Witness Lists included in their Joint Status Report and Provisional Discovery Plan filed on September 23, 2009, and adopted by the Court on September 30, 2009.  (Docs. 43, 45.)  Defendants now recall that Don Hatfield was previously listed as a witness in Plaintiff's response to Defendants' First Set of Requests for Production on November 9, 2009.  Thus, Defendants concede that Mr. Hatfield is not subject to their motion to strike.  Additionally, Dr. Beth Vesco-Mock, who I assume is the same person as Dr. Elizabeth Vasco-Mach, and Dr. Elizabeth Carver were in fact provided on a "Witness List" filed by Plaintiff on October 17, 2008, at which time Plaintiff was proceeding pro se.  (Doc. 14.)  Because Jean Wolfgang, Don Hatfield, Dr. Elizabeth Vasco-Mach, and Dr. Elizabeth Carver were disclosed as possible witnesses in a timely manner, Defendants' motion is denied as to these witnesses.  As for the remaining witnesses, I will address each of the *Woodworker's* factors in determining whether the violation was justified or harmless.

The first *Woodworker's* factor is the prejudice or surprise to the party against whom the testimony is offered.  Defendants assert that they are prejudiced by the admission of additional witnesses because the disclosure was untimely and thus, Defendants have been unable to conduct proper discovery.  Plaintiff counters that the admission of witnesses named in the Supplemental Answers causes no surprise to Defendants as these witnesses have been known to Defendants since the inception of this litigation.  Plaintiff further states that the witnesses named in the Supplemental Answers were fully named and referred to in all criminal case reports that were produced by the Defendants in initial disclosures and discovery requests.  As to the witnesses named in the Rule 26 Final Disclosure, Plaintiff similarly asserts that these witnesses are no surprise to Defendants because they have previously been referred to either in criminal reports disclosed by the Defendants or during depositions.

As for the "Vet Tech" of Dr. Owen, "the unknown vet that City called from Ruidoso," Ryan Gibson, Felicity Russell, Terry Chandler, Kristina Chandler, Janet Chandler, and "any individual who witnessed the animals during the time they were being seized or while in custody of the county, or after they were returned to Plaintiff," it is apparent that these witnesses were not previously identified through formal discovery.  I agree that the fact that these witnesses were fully named and referred to in all criminal case reports produced by Defendants in initial disclosures and discovery requests and or mentioned during depositions, is not the same as knowing that Plaintiff might use these witnesses in support of her case.  The rules are simple.  They merely require the parties to provide the name and, if known, address and telephone number of each individual they may use in support of their claims or defenses.  Why Plaintiff decided to wait until the termination date of discovery to disclose these witnesses remains unknown.  Defendants are prejudiced because discovery has ended and trial is now less than three months away.  Accordingly, I find that the first *Woodworker's* factor weighs in Defendants' favor.

The second and third factors to consider are the ability of the party to cure the prejudice and the extent to which introducing such testimony would disrupt the trial.  The trial in this matter is set to begin on October 5, 2010, which is less than three months away.  Plaintiff states that she has no objection to reopening discovery to allow Defendants to take the depositions of any of these witnesses.  Plaintiff also states that much of the proposed testimony is neither lengthy nor complicated.  Furthermore, Plaintiff believes that it is doubtful that depositions are even necessary for Dr. Owen's vet tech, Dr. Elizabeth Carver, and "the unknown vet that the city called from Ruidoso" because Defendants can speak to these individuals directly.  Defendants argue that they have no need for additional discovery as they are prepared to proceed to trial without the additional witnesses.

This matter has been set for trial since November 18, 2009. If I were to reopen discovery it would interfere with the trial date. I am disinclined to do so. As such, the second and third factors weigh in favor of Defendants.

The final factor for the Court's consideration is the moving party's bad faith or willfulness. The only explanation Plaintiff provides for her untimely disclosures is in regards to the Chandler witnesses. Plaintiff asserts that the Chandler witnesses were not known by name until the suppression hearing in state court. She further argues that her failure simply has not caused any real harm. Defendant asserts that willfulness and bad faith are obvious due to the fact that the suppression hearing was conducted on February 16, 2010, which allowed Plaintiff sixty days before the end of discovery to identify the Chandlers as witnesses for trial.

Plaintiff's lack of an explanation for her untimely disclosure is troubling. Plaintiff had plenty of time to list the Chandlers, and all other witnesses, after the suppression hearing in February and failed to do so. Plaintiff's unjustified failure to adhere to the Rules of Civil Procedure is inexcusable. I find that the *Woodworker's* factors weigh in favor of striking the witnesses.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Strike Plaintiff's Witnesses is denied as to Jean Wolfgang, Don Hatfield, Dr. Elizabeth Vasco-Mach, and Dr. Elizabeth Carver, and is granted as to "Vet Tech" of Dr. Owen, "the unknown vet that City called from Ruidoso," Ryan Gibson, Felicity Russell, Terry Chandler, Kristina Chandler, Janet Chandler, and "any individual who witnessed the animals during the time they were being seized or while in custody of the county, or after they were returned to Plaintiff."

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE
A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.